IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | | |
|---|---|---|
| MICHAEL SUNDERMAN<br>4409 Colerain Avenue<br>Cincinnati, Ohio 45223 | : : : : | CASE NO. 1:20-CV-917<br><br>Judge |
| Plaintiff, | : : | |
| v. | : : | **PLAINTIFF'S COMPLAINT** |
| BEECHMONT FORD, INC.<br>600 Ohio Pike<br>Cincinnati, OH 45245 | : : : : | **WITH JURY DEMAND** |
| Defendant. | : : | |
| **STATUTORY AGENT**:<br>RKPT Service Corp, Statutory Agent<br>7 W. 7th Street, Suite 1400<br>Cincinnati, OH 45202 | : : : | |

**I.**          **PARTIES**

1. Plaintiff Michael Sunderman is a resident of Cincinnati, OH, residing at 4409 Colerain Avenue, Cincinnati, OH 45223.

2. Defendant Beechmont Ford, Inc. is a foreign corporation licensed to do business in the State of Ohio and is located at 600 Ohio Pike, Cincinnati, OH 45245. Defendant is an automotive dealership.

3. At all times relevant to the Complaint, Plaintiff was an employee within the meaning of 42 U.S. Code § 12111(4), and Ohio Rev. Code § 4112.01(A)(3); and Defendant was

1

an employer within the meaning of 42 U.S.C. § 2000e(b), 42 U.S. Code § 12111(5)(a), and Ohio Rev. Code §4112.01(A)(2).

**II.  JURISDICTION AND VENUE**

4. This is an action arising under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq. ("ADAAA"), and Ohio Rev. Code §§ 4112.01, et seq.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367 because Plaintiff's state law claims is so related to claim in the action within this Court's original jurisdiction that it forms part of the same case or controversy under Article III of the United States Constitution.

6. Plaintiff timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued him a Dismissal and Notice of Rights via U.S. Mail on September 24, 2020. A true and accurate copy is attached hereto as Exhibit A. Plaintiff has timely filed this Complaint, and all jurisdictional prerequisites to bringing this action have been met.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)2 and (d).

**III.  FACTUAL BACKGROUND**

8. In January 2019, Plaintiff was hired as a car salesman for Defendant.

9. During the hiring process, Plaintiff disclosed to Charlie Watson (Marketing Director) that he was a recovering drug addict, and he needed to leave work early on Tuesdays and come late to work every other Friday for doctor's appointments, therapy, and drug testing. Defendant agreed to accommodate Plaintiff's request, and hired Plaintiff.

10. Mr. Watson assured Plaintiff the Company would not disclose his disability or accommodation to other employees.

11. Drug addiction is considered a mental or physical impairment. An individual who has been rehabilitated successfully and is no longer engaged in illegal drug use, or who is erroneously "regarded as" engaging in illegal drug use, is entitled to protection under federal and state anti-discrimination laws.  42 USCS § 12210; Ohio Rev. Code §4112.02(O)(2).

12. Plaintiff worked for Defendant without incident from January 2019 until April 2019.  Based upon information and belief, on or just prior to April 2019, a member of management disclosed Plaintiff's status as a recovering drug addict to his co-workers.

13. One day in April when Plaintiff was in the used car showroom, Bill Groamman, a co-worker, came running down the stairs and yelled—in front of customers in the showroom and Cliff McCord (Used Car Manager)—for Plaintiff to get his "pill-popping drug-addict ass out of our dealership!  We're a Christian dealership!" In response, Mr. McCord told Mr. Groamman what he said was "not okay," and told Plaintiff to take a walk to calm down.  To our knowledge, no further discipline was taken against Mr. Groamman.

14. That evening, Jeff Fithen (General Manager), pulled Plaintiff into his office, and apologized on behalf of the Company for the incident.  Mr. Fithen admitted that Mr. Groamman had asked why Plaintiff kept leaving work early, and that Management disclosed to him it was so Plaintiff could go to "drug doctor appointments."

15. From that date forward, several of Plaintiff's co-workers, and most significantly, Mr. Groamman, embarked on a near-daily campaign of harassment against Plaintiff about his drug addiction recovery, including but not limited to: (1) Mr. Groamman (and others) constantly asking Plaintiff "what's in your bag of tricks?" (in reference to the bag Plaintiff

used to carry his medication for his disability) ; (2) Mr. Groamman repeatedly saying, "the call just came down.  Grab your bag of tricks and beat it;" (3) Mr. Groamman, on countless occasions, putting water in his mouth, and then rolling his eyes back in his head and letting the water spill out (as if he were overdosing on drugs), and saying, "look, I'm Sunderman!," and; (4) Corey Wright asking Plaintiff why he was sweating (it is a side effect of his medication), and asking Ryan Thompson (Used Car Manager), if Mr. Sunderman "was using again."  It actually become so bad that Mr. Thompson told Plaintiff he should go talk to a lawyer.

16. Although several members of management witnessed this behavior, the Company did not take prompt remedial action to stop the hostile work environment.

17. The hostile work environment adversely effected Plaintiff's ability to concentrate, perform his work duties, and make sales to his full potential.

18. The hostile work environment was so bad, Plaintiff was forced to resign from his employment in December 2019.

### COUNT I
### (Disability Discrimination Under the ADA, as Amended and Ohio Rev. Code Chapter 4112)

19. Plaintiff incorporates Paragraphs 1 through 18 of his Complaint as is fully restated herein.

20. Plaintiff is disabled, as he is a recovering drug addict.  Plaintiff was also "regarded as" an illegal drug user by his co-workers.

21. Plaintiff was otherwise qualified to perform the essential function of his job, with or without reasonable accommodation.

22. Plaintiff was subjected to a pattern and practice of ridicule, mockery, insults, and interference with work performance sufficient to establish a hostile work

4

environment based upon his disability. The conduct was so severe or pervasive that a reasonable person would consider it intimidating, hostile, or abusive.

23. Defendant knew Plaintiff's co-worker subjected him to a hostile work environment, but failed to take prompt remedial action

24. As a result of the hostile work environment, Plaintiff was constructively discharged from his employment.

25. Defendant further violated the ADA when it disclosed to Plaintiff's co-workers that Plaintiff had a disability and was receiving a reasonable accommodation.

26. Defendant's conduct is in violation of both the ADA and Ohio Rev. Code Ch. 4112.

27. As a proximate result of Defendant's conduct, Plaintiff has suffered severe emotional distress, and is entitled damages in an amount to be determined at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks this Court to enter judgment in his favor as follows on each claim for relief:

A. Award Plaintiff consequential, compensatory and punitive damages in an amount to be determined at trial;

B. Award Plaintiff pre-judgment and post-judgment interest in an amount to be determined at trial;

C. Award Plaintiff his attorneys' fees, costs and expenses in an amount to be determined at trial;

D. Award Plaintiff such other and further relief as this Court deems necessary.

Respectfully submitted,

/s/ *Adam V. Sadlowski*
Adam V. Sadlowski (0079582)
Cori R. Besse, Trial Attorney (0081447)
SADLOWSKI & BESSE L.L.C.
11427 Reed Hartman Highway, Suite 217
Blue Ash, Ohio 45241
Tel:  (513) 618-6596
Fax: (513) 618-6442
cbesse@sb-lawyers.com
asadlowski@sb-lawyers.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury.

/s/ *Adam V. Sadlowski*
Adam V. Sadlowski